# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 5:02-cr-38 (HL) |
| : | |
| **DEMARIO CORTEZ PORTER,** : | |
| : | |
| Defendant.   : | |

_____

## ORDER

Defendant, Demario Cortez Porter, has filed a Motion for Reconsideration of Reduction Under Rule 35 for Improper Reduction Amount Received (Doc. 64).  For reasons more fully set forth below, the Motion is denied.

### I.  PROCEDURAL HISTORY

On October 13, 2005, the Government filed a motion pursuant to Federal Rule of Criminal Procedure 35, in which it asked the Court to reduce Porter's sentence to reflect substantial assistance to the Government subsequent to sentencing.  In an Order entered October 24, 2005, the Court reduced Porter's sentence from 120 months imprisonment to 108 months imprisonment.  Concerned, however, that Porter should have been given the opportunity to respond to the Motion before a ruling was entered, the Court vacated the Order on October 28, 2005.  The Court directed that Porter was to have 30 days in which to offer comment on the relief sought by the Government's Motion.  The 30 days for comment passed and Porter offered no objection to the Government's Motion for Reduction of Sentence. Thereafter, on March 31, 2006, the Court granted the Government's Rule 35 Motion and

reduced Porter's sentence from 120 months imprisonment to 108 months imprisonment.

On June 8, 2006, more than six months after the time for responding to the Rule 35 Motion had passed, Porter filed the Motion at issue here.[1]  Porter claims in his Motion that he "only became aware of the circumstances related to the reduction on May 5, 2006." (Mot. at 2.)  In moving for reconsideration, he contends he was promised a reduction of 24 months, rather than the 12-month reduction he received, and argues that the Government's failure to honor its promise constitutes bad faith.  Porter also makes vague allegations of an unconstitutional motive for the Government's conduct, stating, "This leads the petitioner to think that the AUSA discriminated against him for some reason." (Mot. at 3.)

The Government filed a response to Porter's Motion on June 30, 2006 (Doc. 66).  In the response, the Government refuted Porter's contention that he was promised a particular sentence reduction.  Assistant United States Attorney Charles Calhoun submitted the Government's brief, in which he declared that he had made no such promises, and also submitted the Affidavit of Assistant United States Attorney Jennifer Kolman, in which she declared that no promises were made to Porter as to the reduction he would receive.  The Government also explained that it considered the 12-month reduction in sentence to be an adequate reduction.  According to the Government, and contrary to Porter's assertions, Porter's assistance was minimal and did not, as Porter asserts, lead to the entry of a guilty plea by the Defendant who was the subject of Porter's assistance.

---

[1] Contemporaneously with the filing of his Motion for Reconsideration, Porter filed an Application to Proceed without Prepayment of Fees [Doc. 65].  Because no fees are associated with the filing of the Motion, the Application to Proceed without Prepayment of Fees is unnecessary and, therefore, moot.

**II.     ANALYSIS**

Rule 35 of the Federal Rules of Criminal Procedure permits a district court, upon motion of the Government, to reduce a sentence already imposed.  *See* Fed. R. Crim. P. 35(b).  The decision to move under Rule 35 is discretionary with the Government.  United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997).  The decision to reduce a sentence, and the amount of reduction given, is discretionary with the district court. *See* United States v. Smith, 839 F.2d 175, 179 (3d Cir. 1988) (holding that a district court is not required to reduce the sentence of a defendant who offers post-conviction assistance).

Here, the Government exercised its discretion to move under Rule 35.  However, the Government did not make a recommendation as to the amount of reduction to be given to Porter.  (R. 35 Mot., Doc. 60.)  The amount of reduction given was determined by the Court after consultation with the United States Probation Office.  Had the Government made a recommendation as to the amount of reduction to be given, such a recommendation would not have guaranteed that Porter would have received the reduction requested, as the Government's recommendation would not have been binding on this Court.

As the Supreme Court of the United States noted in the context of related substantial-assistance motions, because the filing of such motions are discretionary with the Government, court review of the Government's refusal to file is limited.  Thus, the Court held that "district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."  Wade v. United States, 504 U.S. 181, 185-186, 112 S. Ct. 1840, 1843-44 (1992).  Here, the

Government filed a substantial-assistance motion, and Porter received a 12-month reduction in his sentence. Certainly, this Court should review Porter's claim that the Government failed to reduce his sentence as promised, if it is to review it at all, under the same standard set forth in Wade.

In Wade, the Court noted, "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Id. at 186, 112 S. Ct. at 1844. Courts construing the decision in Wade have concluded that a defendant must make a substantial threshold showing as to one of two circumstances before a court can act:

> First, the defendant may show that the government's "refusal was based on an unconstitutional motive," such as race or religion. Second, the decision may qualify for court review if the defendant can make a threshold showing that "the prosecutor's refusal to move was not rationally related to any legitimate Government end," for example, that the decision was made arbitrarily or in bad faith.

United States v. Marks, 244 F.3d 971, 975 (8th Cir. 2001) (citations omitted).

Applying this test to Porter's claim, the Court finds that he has failed to make a substantial threshold showing as to either circumstance. Porter's only suggestion of an unconstitutional motive is the vague statement in his Motion that "the AUSA discriminated against him for some reason." Such generalized allegations are insufficient to permit this Court to look behind the Government's decisions with respect to a substantial assistance motion.

As to the second threshold showing, Porter has failed to demonstrate arbitrariness or bad faith.  Although there is a dispute as to whether Porter was promised a reduction in sentence greater than that which he received, the Government had no control over the reduction actually imposed–that decision was for the Court alone.  Moreover, to the extent that Porter's allegations raise the issue of bad faith, those allegations are overcome by the fact that the Government moved for a reduction on Porter's behalf, and he received a 12-month reduction, in spite of the fact that he was never called to testify and in spite of the Government's belief that the value of Porter's assistance was limited.

## III.   CONCLUSION

In sum, the Court finds that Porter has failed to make the showing necessary to cause this Court to conduct a further review of the amount of reduction itself, or the circumstances under which Porter received his Rule 35 reduction of sentence.  Therefore, his Motion for Reconsideration of Reduction is denied.

**SO ORDERED**, this the 17th day of October, 2006.

**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls